UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HOPE SOAP, LLC,<br>Plaintiff<br><br>v.<br><br>JOHN W. LOUDON AND LAUREN Q. LOUDON<br>Defendants | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**Parties, Jurisdiction and Venue**

1. The Plaintiff, New Hope Soap, LLC (the "Plaintiff" or "NHS") is a Massachusetts limited liability company with a principal place of business in Hopedale, Worcester County, Massachusetts.

2. The Defendant, John W. Loudon ("Mr. Loudon"), is an individual with a last known address of 5296 Mechanicsville Road, Mechanicsville, Pennsylvania 18934.

3. The Defendant, Lauren Q. Loudon ("Ms. Loudon"), is an individual with a last known address of 5296 Mechanicsville Road, Mechanicsville, Pennsylvania 18934. Upon information and belief, Ms. Loudon is married to Mr. Loudon.

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and §1338(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b).

**Allegations of Fact**

6. Prior to May 15, 2009, Newhopesoap.com, LLC, a Pennsylvania limited liability company ("newhopesoap.com"), manufactured, marketed and sold specialty soap, decorative packaging and related products.

7. Upon information and belief, prior to May 15, 2009, Mr. Loudon was employed by newhopesoap.com. In that role, he was primarily responsible for generating sales and coordinating order fulfillment, including the shipping of goods and products manufactured by newhopesoap.com.

8. On or about May 15, 2009, New Hope Soap, Inc., a Massachusetts corporation, purchased certain assets of newhopesoap.com, including (1) all inventory, including soap and all boxes, displays and sample box inventory; and (2) all product prints and production records.

9. The inventory boxes purchased are decorated with floral and polka dot prints. Implicit in the purchase was the continuing right to sell boxes identical or similar in appearance to the inventory purchased.

10. New Hope Soap, Inc. subsequently transferred the purchased assets to NHS.

11. After the asset purchase was completed, Mr. Loudon provided services to NHS to market, sell and distribute the soap, decorative boxes and related products purchased from newhopesoap.com.

12. While working for NHS, Mr. Loudon continued to ship customer orders of soap packaged in the decorative boxes that were purchased from newhopesoap.com. When additional boxes were required, Mr. Loudon ordered them from a Chinese manufacturer and NHS paid for them.

13. Mr. Loudon voluntarily ceased working for NHS in January 2010.

14. On or about February 4, 2010, Mr. Loudon sent the Plaintiffs a Cease and Desist email in which he claimed to be the owner of copyrights in the artistic designs on all boxes used for the sale and distribution of NHS products. (Exhibit A to Complaint)

15. This was the first notice of any alleged copyrights associated with the patterns contained on the boxes that NHS purchased from newhopesoap.com.

16. In his email, Mr. Loudon demanded, among other things, that NHS contact each of its customers and other users of the alleged copyrighted material, and instruct them to cease their use and sale of the boxes.

17. Mr. Loudon also demanded that NHS pay monetary damages as a result of its alleged breach of the copyrights.

18. Mr. Loudon, through counsel, subsequently provided what were purported to be three copyright applications for the subject material. (Exhibit B to Complaint)

19. The so called applications that were provided were incomplete and missing pages.

20. From the documents provided, it is impossible to determine the dates of filing, the claimant of the copyrights or the application numbers.

21. From the documents provided, it appears that Mr. Loudon is the author of two of the applications and Ms. Loudon is the author of the third.

22. The Defendants did not provide copies of any actual copyright registrations.

23. A search of the United States Copyright Office records does not indicate any copyright registrations to either Defendant that are associated with the artistic patterns on the shipping boxes.

24. If filed, the copyright applications of the Defendants are fraudulent insofar as they may allege that the Defendants have exclusive ownership or rights to use the copyrights.

**Claim for Declaratory Relief**

25. The Plaintiff restates and incorporates by reference all allegations contained in the preceding paragraphs.

26. An actual controversy exists between the parties, within the meaning of 28 U.S.C. §2201(a), because:

a. The Defendants claim that they are the lawful owners of copyrights assigned to artistic patterns contained on boxes used by NHS to ship its products;

b. The Defendants allege that NHS infringed their copyrights by using the copyrighted material without the Defendant's permission or license;

c. The Defendants allege they are entitled to damages as a result of the alleged copyright infringement;

d. The Plaintiff denies that Defendants are the owners of copyrights to the disputed artistic patterns and maintains that its use of the patterns, and the use by its customers, is lawful in all respects;

e. Even if Defendants are the owners of copyrights to the disputed artistic patterns, NHS purchased the boxes with the patterns affixed and have the legal right to re-sell and distribute the boxes; and

f. The Plaintiff denies the Defendants are entitled to any relief or damages arising from use of the artistic patterns on the shipping boxes.

27. The controversy can be resolved by declaratory judgment under 28 U.S.C. §2201(a).

WHEREFORE, the Plaintiff requests that this Court:

A. Advance this case for an expedited scheduling conference and an expedited hearing on the merits;

B. Determine and declare pursuant to 28 U.S. C. §2201(a) that Defendants do not have any copyrights to the disputed artistic patterns;

C. Determine and declare pursuant to 28 U.S. C. §2201(a) that any copyrights issued to the Defendants regarding the subject artistic patterns were procured by fraud and are therefore invalid;

D. Determine and declare pursuant to 28 U.S. C. §2201(a) that New Hope Soap, LLC, is the owner of any copyrights in the subject artistic patterns;

E. Determine and declare pursuant to 28 U.S. C. §2201 that New Hope Soap, LLC's use of the disputed artistic patterns was lawful in all respects and did not infringe or violate any copyrights;

F. Grant Plaintiff its costs and fees in bringing this action; and

G. Grant such other and further relief as this Court determines is appropriate.

NEW HOPE SOAP, LLC,

By its attorneys,

Richard C. Van Nostrand, Esq.
BBO #507900
Michael R. Christy, Esq.
BBO #659104
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated: April 6, 2010

CERTIFICATE OF SERVICE

I, Michael R. Christy, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 6, 2010.

Michael R. Christy, Esq.

Dated: April 6, 2010